UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Montgomery Carl Akers

    v.                                      Civil No. 08-cv-334-JL

James Keszei, et al.[1]


**REPORT AND RECOMMENDATION**


    This Bivens[2] action initially came before the Court for a preliminary review of Montgomery Akers' complaint (document no. 1). On February 3, 2009, I directed plaintiff, a federal prisoner proceeding pro se and in forma pauperis, to show cause why the District of New Hampshire is the appropriate venue for this action, as neither Akers nor any of the defendants reside in

---

[1] The named defendants to this action, as identified by Akers, are: Federal Bureau of Investigations Special Agent James Kaszei, FBI Contract Informants Donald James Mixan, Jr., Misty Stewart, Nicholas Voulgaris, J. Shields, Sandra Elliott, Freddy-Boy Lawrence, and Robert Mundt, Assistant United States Attorney Kim I. Martin (also known as Kim M. Berger and Kim M. Fowler), Special Assistant United States Attorney Jacquelyn E. Rokusek, Special Investigator Melissa Doe, and Deputy United States Marshal Christopher Johnson.

[2] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) provides a cause of action for plaintiffs alleging that their federal legal rights have been violated by individuals acting under the authority of federal law.

New Hampshire (document no. 6). Akers has responded (document no. 7), and his response will be considered to be part of the complaint for all purposes. The matter can now be preliminarily reviewed to determine whether the complaint states any claim upon which relief might be granted. See United States District Court District of New Hampshire Local Rule 4.3(d)(2); 28 U.S.C. § 1915A(a).

## Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review. LR 4.3(d)(2). In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, 551 U.S. 89, ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that

courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true. See id.  This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

Montgomery Carl Akers is a federal prison inmate incarcerated in Florence, Colorado.  Akers is serving a 327 month sentence for charges related to bank fraud.

In this action, Akers seeks damages against a number of individuals, including an FBI Special Agent, a Special Investigator, and federal prosecutors, all ostensibly involved in investigating and prosecuting criminal charges against him, and witnesses in the criminal case against Akers.  Akers refers to these witnesses as "FBI contract informants," although he does not reveal the nature of the contracts they allegedly held with the government.  Each of the defendants resides either in Missouri, Nebraska, California, or Kansas.

Akers claims that the defendants, acting together, conspired to steal his money and ruin his business reputation and credit rating.  Akers states that the federal authorities did this by utilizing the services of 'contract informants' posing either as Akers or as Akers' wife, or acting under the auspices of an expired power of attorney grant.  Akers states that the agents and informants contacted Equifax, a financial institution that Akers alleges is located in Tilton, New Hampshire, and with whom Akers claims he did business, as he held a credit card with that institution.[3]  Akers asserts, without providing details, that by contacting Equifax, defendants have caused Akers to lose over $6.5 million.  Akers alleges that, in engaging in these actions, the defendants have violated his Fourteenth Amendment right not to be deprived of property without due process, and his Fourth Amendment right not to have his property unreasonably seized. Akers further claims that the conspiratorial acts of defendants violated the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. § 1962, et seq., as well as Akers' First Amendment rights

---

[3] Akers has provided no address in Tilton for any Equifax company.  Further, my search of both the area phone book and a computer search reveals no listing for a business location for Equifax in Tilton or, in fact, anywhere in New Hampshire.

4

to access the courts, petition the government for a redress of grievances, and to associate with his wife.

## Discussion

1.  Heck v. Humphrey

In Heck v. Humphrey, the Supreme Court held that a prisoner's claim for damages is not cognizable under § 1983 if a judgment for the prisoner would "necessarily imply" that the conviction or sentence was invalid unless and until the inmate obtains favorable resolution of a challenge to his conviction. 512 U.S. 477, 486-87 (1994); see Pandey v. Freedman, 66 F.3d 306, *1 (1st Cir. 1995) (applying Heck in the context of a Bivens action). "A claim for damages bearing that relationship to a conviction or sentence that has *not* been invalidated is not cognizable under § 1983" and must be dismissed. Id. at 487 (emphasis in original); see Thore v. Howe, 466 F.3d 173, 178 (1st Cir. 2006) (same). To the extent that the claims contained in Akers' complaint would, if relief were granted thereon, undermine the convictions or sentence pursuant to which Akers is currently confined, no cognizable claim for damages lies.

2.   Conspiracy Claims

The allegations in the complaint are vague and do not include sufficient specificity to allow me to find that they state any claim for relief.  Akers' allegations generally accuse the defendants of engaging in a conspiracy to harm him by phoning a financial institution and attempting to harm his relationship with that institution.  Outside of actions taken in furtherance of Akers' prosecution, which are likely barred by Heck, as explained above, the complaint asserts, without support, the existence of a conspiracy designed to harm Akers in the abstract by harming his ability to conduct business and acquire wealth, abilities arguably at odds with the twenty-seven year sentence Akers has recently begun serving.  Even affording the complaint liberal construction, the allegations therein are insufficient to support a conspiracy claim, as such a claim must be plead "in some detail and provide some factual basis supporting the existence of a conspiracy."  Slagel v. Shell Oil Refinery, 811 F. Supp. 378, 381 (C.D. Ill. 1993).  "Mere conjecture that there has been a conspiracy is not enough to state a claim."  Tarkowski v. Robert Bartlett Realty Co., 644 F.2d 1204, 1206-07 (7th Cir. 1980).  Akers' assertions of conspiracy are simply conclusory

statements, based on conjecture, that a conspiracy exists to harm him. As these assertions are insufficient to state a claim, I recommend that the complaint, which contains only claims premised on this conspiracy, be dismissed in its entirety.

3. <u>Vexatious Litigation</u>

While this is Akers' first foray into the District of New Hampshire, it should be noted that Akers is a prolific filer of actions around the country containing allegations against many of the defendants listed here, and asserting a variety of nefarious acts by these and other defendants intended to harm Akers' financial position and ability to engage in business and to acquire wealth. Akers has been identified by the courts that have convicted and sentenced him as someone with "a long history of fraudulent activity," beginning at age seventeen, and resulting in the accrual of a "serious" and recidivist criminal history. Akers' current sentence is for an offense committed while Akers was serving a 105 month federal prison sentence on a similar offense. <u>See</u> <u>United States v. Akers</u>, 261 Fed. Appx. 110, 111, 115 (10th Cir. 2008).

It does not appear that Akers has confined his manipulations to the criminal realm. It very clearly appears that Akers is now

trying to gain some benefit, to which he is not entitled, by filing civil actions around the country premised on bald assertions that the defendants to these actions have engaged in illegal conduct, to Akers' financial detriment, in the federal district where each action is filed.  See, e.g.:

- Akers v. Vratil, 05-cv-2080-GTV (D. Kan. Mar. 24, 2005) (order of dismissal);

- Akers v. Martin, 06-cv-3175-SAC (D. Kan. July 12, 2006) (order of dismissal);

- Akers v. Martin, 06-cv-94-JBC (E.D. Ky. Sept. 1, 2006) (order denying motion to reconsider dismissal);

- Akers v. Keszei, 07-cv-572-JCM-GWF (D. Nev. Apr. 30, 2007) (complaint filed);

- Akers v. Wiley, 07-cv-855-ZLW (D. Colo. July 20, 2007) (order of dismissal);

- Akers v. Keszei, 07-cv-521-HFS (W.D. Mo. Oct. 19, 2007) (order of dismissal);

- Akers v. Wiley, 08-cv-723-ZLW (D. Colo. Apr. 28, 2008) (order denying reconsideration of dismissal);

- Akers v. Shute, 08-cv-3106-SAC (D. Kan. Apr. 28, 2008) (complaint filed);

- Akers v. Rokusek, 08-cv-725-H-WMC (S.D. Cal. July 24, 2008) (order of dismissal);

- Akers v. Vratil, 08-cv-2692-SBA (N.D. Cal. Oct. 17, 2008) (order transferring case to D. Kan.); 08-cv-3271-SAC (D. Kan. Nov. 7, 2008) (order of dismissal);

- Akers v. Weinshienk, 08-cv-2572-ZLW (D. Colo. Nov. 25, 2008) (order of dismissal);

- Akers v. Clerk of Court, 08-cv-1587-KJD-RJJ (D. Nev. Dec. 2, 2008) (order of dismissal);

- Akers v. Keszei, 09-cv-279-HB (S.D.N.Y. Jan. 12, 2009) (order transferring case to D. Kan.); 09-cv-3032-SAC (D. Kan. Feb. 5, 2009) (complaint received);

- Akers v. Watts, 08-cv-140-EGS (D.D.C. Jan. 24, 2008) (complaint filed);

- Akers v. Wiley, 08-cv-121-RCJ-GWF (D. Nev. Feb. 25, 2008) (order transferring case to D. Colo.; Akers v. Wiley, 08-cv-434-ZLW (D. Colo. Feb. 29, 2008) (complaint received);

- Akers v. Warden, Fed. Transfer Ctr., 09-cv-141-D (W.D. Okla. Feb. 5, 2009) (complaint filed);

- Akers v. Poisson, 09-cv-54-GZS (D. Me. Feb. 6, 2009) (complaint filed);

- Akers v. Crow, 09-cv-3037-RDR (D. Kan. Mar. 2, 2009) (order of dismissal).

Akers is a restricted filer in the District of Colorado. See Akers v. Wiley, 2008 WL 1746959, *1 (D. Colo. 2008). In Akers v. Sandoval, No. 94-B-2445 (D. Colo. June 20, 1995); aff'd, 100 F.3d 967 (10th Cir. 1996), due to his vexatious and abusive litigation practices, Akers was:

> enjoined and prohibited from initiating any civil action in the United States District Court for the District of Colorado without representation by an attorney licensed to practice in the State of Colorado or duly admitted to practice in the United States District Court for the District of

9

>Colorado unless he first obtains leave of court to
>proceed pro se.

While Akers is not a restricted filer in this Court, it is clear that his wide spray of civil actions against many of the defendants named here approaches, if not reaches, the use of the federal courts in an abusive fashion. Accordingly, Akers should consider himself warned that this Court will not wait to be inundated with numerous frivolous actions that are clearly not appropriate in this venue to prevent Akers from abusing the proper use of the resources of this Court.[4]

Conclusion

I recommend that this action be dismissed in its entirety as it has failed to state any claim upon which relief might be

---

[4] I do note that in <u>Akers v. Watts</u>, 589 F. Supp. 2d 12, 14 (D.D.C. 2008) the United States District Court for the District of Columbia declined, on December 12, 2008, to ban Akers from filing an in forma pauperis action under the Prison Litigation Reform Act's "three strikes" rule, <u>see</u> 28 U.S.C. § 1915(g), which generally precludes an inmate from proceeding in forma pauperis if, while incarcerated, he has filed at least three prior cases that were dismissed as frivolous, malicious, or for failing to state a claim. That Court found that Akers, who may in fact be possessed of at least two strikes, had not been shown by defendants there to have three strikes against him at that time, and that, as Akers was not abusing the privilege of proceeding in forma pauperis in that Court at that time, any sort of restrictions on Akers' ability to file actions in forma pauperis in that Court was inappropriate. <u>Akers v. Watts</u>, 589 F. Supp. 2d at 16.

granted.  Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  <u>See</u> <u>Unauthorized Practice of Law Comm. v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date:      March 9, 2009

cc:        Montgomery C. Akers, pro se